## Chavers et ux. v. Chadderton, etc.

*Martin E. Cusick*, for plaintiffs.
*B. H. Marks*, for defendant.

ROWLEY, P. J., November 2, 1945.—This matter is before the court upon plaintiff's rule to strike off the writ to join Richard R. Chavers as an additional defendant.

Defendant obtained an order for severance of the claims of Richard R. Chavers and Louise Chavers. Plaintiff complains that the severance was granted without notice to him of such application. The application represented that notice thereof had been served upon plaintiff's counsel. It now appears that notices "were sent to the attorney of record for the plaintiffs on March 26, 1945". The application was presented to the court on March 27, 1945.

The application was of such character that opposing counsel was entitled to notice of its presentation. However, we are not disposed to regard the lack of notice as of grave importance, especially so, since plaintiff concedes that the severance was properly granted.

But plaintiff further assigns as reasons to support his motion to quash the writ the requirements of Rule 2252 of Civil Procedure Rules.

Section (*a*) of that rule authorizes a defendant to "file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action" . . .

Section (*b*) of the same rule requires the defendant to "file with the præcipe a complaint . . . setting forth the facts relied upon to establish the liability of the additional defendant and the relief demanded",

Rule 2254 (*b*) requires defendant to serve the writ and a copy of his complaint upon proposed additional defendant within 30 days after issuance of the writ.

· Plaintiff's statement of claim was served upon defendant on March 5, 1945. Within the prescribed period, to wit, on March 27, 1945, defendant filed his præcipe for a writ to join an additional defendant. But defendant did not then file a complaint. On March 27, 1945, the writ to join was issued but was not served within the prescribed period of 30 days. On May 11, 1945, plaintiff's counsel accepted service of the writ. On May 25, 1945, defendant filed his complaint which has not been served.

This situation presents two questions, viz.:

1. Was acceptance of service of the writ on May 11, 1945, by plaintiff's counsel sufficient to bring additional defendant into court, notwithstanding that such service was accepted more than 30 days after issuance of the writ?

While the court has authority to extend beyond 30 days the period in which the writ to join must be served, such extension can be granted only upon formal application and for cause shown. No such extension was sought in the instant case.

It appears, however, from statement of defendant's counsel that counsel here concerned are frequently opposing counsel and that it has been the established custom for each counsel to accept service of writs and pleadings filed by opposing counsel. In the instant case, defendant's counsel on March 26, 1945, sent to plaintiff's counsel copies of "a petition for severance of the two actions and also a petition to join additional defendant". In transmitting the copies of the petitions, defendant's counsel requested plaintiff's counsel "to accept service the next time he is in Mercer". No reference was made to a writ to join.

While we are of the opinion that it was the clear duty of defendant's counsel to ascertain that service of the writ had been made, or accepted, within the period

of 30 days, we are not prepared to say, in the absence of any evidence that plaintiff has been prejudiced by the delay, that the acceptance of service on May 11, 1945, was insufficient to bring defendant into court. We hasten to add, however, that service of the writ ordinarily cannot be made after expiration of the statutory period.

The second question is whether defendant's complaint filed May 25, 1945, which has not been served, completes the procedure necessary to add Richard R. Chavers as a defendant.

A similar question is considered in the opinion filed this day in Christman v. Chadderton, no. 85, March term 1945, a companion case.

It is apparent that defendant's counsel misapprehended the procedure required to join an additional defendant. Since December 30, 1942, when the rules of procedure were amended, the defendant may file as of course a præcipe to join an additional defendant. It is no longer necessary to petition the court for leave, consequently there is no petition to be served upon the prospective additional defendant. The petition to join filed in the instant case and the order of court thereon is a nullity.

The act which confers jurisdiction over the person of additional defendant is the service of the writ in the same manner as a writ of summons. While the rule further provides that he is to be served with copies of the complaint against him, such service is not essential to the acquisition of jurisdiction over the person of additional defendant. If service of the writ alone is made, additional defendant is effectively made a party: Goodrich-Amram Civil Practice Rule 2254(b). The failure to serve him with copies of the complaint and the pleadings will not impair the jurisdiction acquired by service of the writ.

The only consequence of the failure to serve the complaint upon additional defendant is that he cannot be required to answer until the complaint is served. The

writ does not compel him to file any answer to the defendant's complaint. The duty to do so arises from the service on him of a complaint indorsed with a direction to file an answer. Until he is served with such complaint, he is not under any duty to file an answer.

We regard as mandatory the filing of a præcipe by defendant within 60 days of the date of service of plaintiff's initial pleading, also service of the writ to join within 30 days of its issuance, however, we do not so regard the provision for service of the complaint.

In our opinion, failure to serve the complaint with the writ to join is an irregularity only. The case against additional defendant cannot proceed until defendant's complaint has been served and answered, or until the period for answer has elapsed, since there is no issue to try. It should be added, however, that trial of the issue between plaintiff and original defendant would not be deferred because a dilatory defendant failed to proceed with due diligence.

The writ to join was duly issued, and served in a manner which, because of the circumstances hereinbefore detailed, seemed sufficient to bring additional defendant into court. We believe, therefore, that we are without authority to quash the writ. The record in its present form would not support a judgment against proposed additional defendant. Original defendant cannot proceed against additional defendant merely upon the pleadings between plaintiff and defendant.

We are convinced that the order of court of March 26, 1945, joining Richard R. Chavers as additional defendant was improvidently entered and was wholly ineffective for the purpose.

### Order

And now, November 2, 1945, this matter came on for argument upon plaintiff's rule to quash the writ to join an additional defendant, whereupon, after due consideration, it is ordered, adjudged and decreed that the rule be discharged.

It is further decreed that the order of the court of March 27, 1945, joining Richard R. Chavers as an additional defendant, be rescinded.

### Exception for plaintiff

And now, November 2, 1945, to the foregoing order of the court counsel for plaintiff excepts and, eo die, a bill of exceptions is sealed for plaintiff.

### Exception for defendant

And now, November 2, 1945, to the foregoing order of the court counsel for defendant excepts and, eo die, a bill of exceptions is sealed for defendant.